G. AND JOHN T. GUDGELL *v.* HARLAN MOSES.

**Vendor and Purchaser—Parol Contracts—Delivery of Possession.**
The contract between the parties was by parol and not binding on either. The delivery of the key to the dwelling house was only constructive possession which did not deprive the appellants of the actual possession.

APPEAL FROM BATH CIRCUIT COURT.

October 21, 1871.

OPINION BY JUDGE PRYOR:

The contract between the appellants and the appellee for the sale of the land was in parol and not binding upon either party.

In a few days after the parol contract was made the appellants hearing of the existence of some lien held by appellee on the land refused to accept the deed, and notified the appellee that the contract would not be consummated. The only possession that appellants ever had was a constructive possession by reason of the delivery to him of the key of the dwelling house. They never took actual possession of the premises and the key was offered to be returned in a few days after the parol sale was made. There was nothing to prevent the appellee from entering upon the land at any time; in fact, he had never been deprived of the right to enter or of the actual possession. In addition to all this the damage the land sustained was by reason of the travel by the neighborhood through this land by reason of the impassable condition of the roads during the winter, in which traveling the appellee participated in conjunction with his neighbors. The

damage sustained, if any, was merely nominal, and caused by the failure of the appellee to keep up the fencing on his own land.

The judgment is affirmed on the original and reversed on the cross-appeal and cause remanded with directions to dismiss appellant's petition.

*Gudgell, Apperson,* for appellants.
*Turner, Reid & Stone,* for appellee.